UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROLL-A-COVER, LLC,<br><br>             Plaintiff,<br>  v.<br><br>JAMES D. COHEN,<br>ALLAN I. COHEN,<br>STANLEY GOODMAN,<br>ROLL-A-COVER OF NEW JERSEY, LLC,<br>MAGIC SUNROOMS, LLC,<br>MAGIC OUTDOORS, LLC, and<br>ROLL-A-COVER OF DELAWARE, LLC,<br><br>             Defendants. | 3:09-cv-1378 (CSH) |

**ORDER REGARDING REQUIREMENT OF APPEARANCE OF COUNSEL**

HAIGHT, Senior District Judge:

Defendant James Cohen, who has filed a valid *pro se* appearance on behalf of himself as an individual defendant, has sent a letter to the Court dated October 2, 2009 indicating that "I will be representing the LLCs who are also defendants in this case as I am the managing member of both (Roll-A-Cover of New Jersey and Magic Sunrooms)." Mr. Cohen had previously attempted to appear on behalf of these LLCs, and those document were returned to him unfiled, with the explanation that a *pro se* party can only file an appearance on behalf of himself. The Court now writes to advise Mr. Cohen that he may not appear on behalf of, and may not represent, the LLCs in this litigation, because LLCs are required to be represented by counsel. "[A] limited liability company . . . may appear in federal court only through a licensed attorney. . . . Further, we see no reason to distinguish between limited liability companies and sole member or solely-owned limited liability companies." Lattanzio v. COMTA, 481 F.3d 137, 140 (2d Cir.

2007). Therefore, counsel must appear on behalf of Roll-A-Cover of New Jersey, LLC, Magic Sunrooms, LLC, Magic Outdoors, LLC, and Roll-A-Cover of Delaware, LLC ("the four Defendant LLCs") or else a default may be entered against them pursuant to Federal Rule of Civil Procedure 55 for failure to appear and defend.

The September 23, 2009 deadline to appear and answer the Complaint has already passed. Although extensions of time until November 2, 2009 to respond to the Complaint have been sought by, and granted to, the individual defendants, no such extension has been sought or received by the four Defendant LLCs, on account of their failure thus far to appear through counsel. However, this failure appears to be attributable to a misunderstanding by Mr. Cohen of the legal requirements, which this order seeks to correct, rather than an intentional default. Therefore, the Court hereby extends the deadline *nunc pro tunc* for all parties to appear and to respond to the complaint until **November 2, 2009.** However, if the four Defendant LLCs are not represented by counsel by that date, they stand to be defaulted.

Counsel for Plaintiff is ordered to provide a copy of this order to the four Defendant LLCs on or before **October 15, 2009**, and to certify to the Court that it has done so.

It is SO ORDERED.

Dated: New Haven, Connecticut

October 9, 2009

                                          /s/   *Charles S. Haight, Jr.*
                                          Charles S. Haight, Jr.
                                          Senior United States District Judge