UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROLL-A-COVER, LLC,<br><br>        Plaintiff,<br>v.<br><br>JAMES D. COHEN,<br>ALLAN I. COHEN,<br>STANLEY GOODMAN,<br>ROLL-A-COVER OF NEW JERSEY, LLC,<br>MAGIC SUNROOMS, LLC,<br>MAGIC OUTDOORS, LLC, and<br>ROLL-A-COVER OF DELAWARE, LLC,<br><br>        Defendants. | 3:09-cv-1378 (CSH) |

## ORDER REGARDING INSUFFICIENCY OF JURISDICTIONAL ALLEGATIONS

Plaintiff Roll-A-Cover, LLC, represented by counsel, has filed a 31 count complaint, asserting two federal claims, violation of the Lanham Act, 15 U.S.C. § 1125 *et seq.* (Count 29) and violation of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1962, *et seq.* (Count 31). The remainder of Plaintiff's complaint asserts 29 state and common law claims, including for breach of contract, breach of the implied covenant of good faith and fair dealing, fraud, intentional misrepresentation, negligent misrepresentation, unfair competition, unjust enrichment, trover, conversion, lost profits, loss of good will of customers, violation of the Connecticut Uniform Trade Secrets Act, Conn. Gen. Stat. § 35-50 *et seq.*, and violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a *et seq.* The claims arise from a failed business relationship between Plaintiff, which manufactures pool enclosures, and Defendants, who contracted to serve as distributors of the enclosures.

Defendant James Cohen, acting *pro se*, has filed a pending motion to dismiss [Doc. 22]

asserting that the claims in this case have already been decided or are otherwise barred by the decision in his favor, and against the Plaintiff in this case, in an August 6, 2009 decision by Judge Stevens in the State of Connecticut Superior Court Complex Litigation Docket at Waterbury.[1] Accordingly, Plaintiff moves for dismissal on the basis of res judicata, collateral estoppel, issue preclusion, and lack of personal jurisdiction, among other grounds, but lack of subject matter jurisdiction is not among them.

As to subject matter jurisdiction, Plaintiff alleges that this Court has both federal question jurisdiction pursuant to 28 U.S.C. § 1331, in light of the two federal claims, and diversity jurisdiction pursuant to 28 U.S.C. § 1332. Consistent with its obligation to ensure that it has subject matter jurisdiction, the Court has examined *sua sponte* the sufficiency of the jurisdictional allegations in the complaint and has identified numerous deficiencies in the manner in which Plaintiff has pled the citizenship of the parties. "It is firmly established that diversity of citizenship 'should be distinctly and positively averred in the pleadings, or should appear with equal distinctness in other parts of the record.'" *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) (quoting *Wolfe v. Hartford Life & Annuity Ins. Co.*, 148 U.S. 389, 13 S.Ct. 602, 37 L.Ed. 493 (1893)).

Additional information is required to confirm the existence of diversity jurisdiction, so the Court hereby orders Plaintiff to file and serve on all Defendants an amended complaint adequately pleading the citizenship of the parties. If, as appears may be the case, the amended complaint shows that there is not complete diversity of citizenship between Plaintiff and the

---

[1] The state court case in question bears the caption *James D. Cohen and Roll-A-Cover of New Jersey, LLC v. Roll-A-Cover, LLC and Michael Morris* and the docket number CV-X06044015047S.

Defendants, then the action will be before this Court solely on federal question jurisdiction, in which case the Court would have original jurisdiction over only the two federal claims, and the Court would have discretion as to whether to exercise supplemental jurisdiction over the remaining 29 state law claims.

Jurisdictional Allegations as to Individual Parties

The Complaint alleges that Defendant James Cohen "is a resident of the State of New Jersey, residing at 305 Newtown Road, Wyckoff, New Jersey." (Compl. ¶ 8.) A similar statement regarding residence is made as to each of the other two individual Defendants, Allen Cohen and Stanley Goodman. (Compl. ¶¶ 9-10.) However, "a statement of the parties' residence is insufficient to establish their citizenship." *Leveraged Leasing Admin. Corp.*, 87 F.3d at 47 (citations omitted). Statements of residence are insufficient because citizenship for diversity purposes is determined by an individual's domicile, not residence. An individual may have several residences. He or she can have only one legal domicile. The amended complaint should allege the citizenship, not residency, of each individual Defendant based upon his domicile, as that term is legally defined.

Jurisdictional Allegations as to Limited Liability Companies

The complaint describes Plaintiff Roll-A-Cover, LLC, as "organized and existing under the laws of the State of Connecticut, with its principal address located at 36 Sargent Drive, Bethany, Connecticut." (Compl. ¶ 1.) The four Defendant limited liability companies are described in a similar manner. (Compl. ¶¶ 2-7.) While the state of incorporation and the principal place of business are relevant factors in determining the citizenship of a corporation, the citizenship of a limited liability company is determined by the citizenship (*e.g.*, state of domicile,

not residence) of each of its members. "[I]t is well established that an artificial legal entity other than a corporation does not have a state of incorporation or "principal place of business" for diversity-jurisdiction purposes, and its citizenship is instead determined by the citizenship of all of the members of that entity." *Samantha Szewczyk, PPA v. Wal-Mart Stores, Inc.*, 2009 U.S. Dist. LEXIS 96781 at *3 (D. Conn. Oct. 19, 2009) (*citing Carden v. Arkoma Associates*, 494 U.S. 185, 110 S. Ct. 1015, 108 L. Ed. 2d 157 (1990). "For purposes of diversity jurisdiction, an LLC has the citizenship of each of its members." *Bischoff v. Boar's Head Provisions Co.*, 436 F. Supp. 2d 626, 634 (S.D.N.Y. 2006) (citing *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51-52 (2d Cir. 2000); *Cabrini Dev. Council v. LCA-Vision, Inc*., 197 F.R.D. 90, 93 (S.D.N.Y. 2000)). Accordingly, a limited liability company can be a citizen of as many states as it has members. Therefore, the amended complaint should state the citizenship of each of the members of each of the LLCs that is a party to this action.

Jurisdictional Allegations as to Amount in Controversy

While the Complaint states that "the amount in controversy exceeds $75,000" (Compl. ¶ 11), it also contains a separate "Statement of Amount in Demand" at the back of the Complaint which states that Plaintiff "seeks money damages . . . in excess of $15,000." The amended complaint should make clear whether the amount in controversy does indeed clear the $75,000 threshold for diversity jurisdiction, or whether it is merely some amount in excess of $15,000 but less than $75,000.

Conclusion

Plaintiff is directed to file and serve on all Defendants an amended complaint containing adequate jurisdictional allegations as described in this order, along with a copy of this order, on

4

or before **January 20, 2011.** Given that the parties have already extensively briefed Defendant James Cohen's Motion to Dismiss, and given that the amendments to the complaint ordered herein are addressed only to issues of subject matter jurisdiction, which are not raised in the Motion to Dismiss, Defendant James Cohen need not file an additional responsive pleading to the Amended Complaint unless he desires to do so. The same goes for Defendant Stanley Goodman, who is represented by counsel and who has filed an answer. By contrast, Defendant Allan Cohen has filed a *pro se* appearance but has not filed any responsive pleading, despite the expiration of the time to do so. Therefore, in response to the amended complaint, he should file an answer or a motion to dismiss, or indicate that he joins in one that has been filed by a co-Defendant, within the period provided for in the Federal Rules of Civil Procedure, or he stands to be defaulted.

None of the four Defendant LLCs has filed an appearance. James Cohen attempted to file an appearance on their behalf and was informed by the Court that LLCs, unlike individuals who can appear *pro se*, must be represented by counsel. [Doc. 18] In response, James Cohen filed a Motion to Delay Appearance of Counsel for Defendant Limited Liability Companies [Doc. 22], requesting that the LLCs not be subject to entry of default for failure to appear until thirty days after this Court decides the pending Motion to Dismiss. Plaintiff filed a notice of its consent to this arrangement. [Doc. 28] Therefore, the Motion to Delay Appearance of Counsel for Defendant Limited Liability Companies [Doc. 22] on the terms described above is GRANTED.

It is SO ORDERED. Dated: New Haven, Connecticut, December 13, 2010

/s/ *Charles S. Haight, Jr.*
Charles S. Haight, Jr.
Senior United States District Judge