UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROLL-A-COVER, LLC,<br><br>              Plaintiffs,<br>v.<br><br>JAMES D. COHEN, ROLL-A-COVER OF NEW JERSEY, LLC, MAGIC SUNROOMS, LLC, MAGIC OUTDOORS, LLC, ALLAN I. COHEN, ROLL-A-COVER OF DELAWARE, LLC AND STANLEY GOODMAN<br>              Defendants. | 3:09-CV-1378 (CSH) |

**RULING ON MOTION TO DISMISS**

HAIGHT, Senior District Judge:

**I.**    **Introduction**

Pro se defendant James D. Cohen has filed a Notice of Motion to Dismiss (the "Motion") [Doc. 22], together with his affidavit and certain exhibits. That filing was docketed as a Motion to Dismiss, and the Court accepts it as a Motion to Dismiss directed to all counts in plaintiff Roll-A-Cover, LLC's Amended Complaint ("Am. Comp.") [Doc. 45].[1] Later, defendant Allan I. Cohen filed a Notification [Doc. 47] stating that he joins in James Cohen's motion. The remaining defendants either have not appeared, or have not joined the Motion. Plaintiff opposes the Motion.

---

[1] While the Amended Complaint was filed after the filing of the Motion, because the Amended Complaint is the same as the original Complaint in all relevant respects, the Court applies the Motion and the parties' briefs on the Motion to the Amended Complaint. *See, e.g., Chien v. Skystar Bio Pharm. Co*, 623 F.Supp.2d 255, 258 (D. Conn. 2009) (applying all briefing on Motions to Dismiss to an Amended Complaint).

1

Memorandum of Law in Support of Plaintiff's Objection and Opposition to Defendant James D. Cohen's Notice of Motion to Dismiss and Motion to Strike the Affidavit of James D. Cohen ("Pl. Memo.") [Doc. 32].

Cohen[2] offers in essence three grounds for dismissal: (1) Plaintiff's claims are precluded by findings in the Memorandum of Decision (the "Decision") issued by the Connecticut Superior Court in *Cohen v. Roll-A-Cover, LLC*, No. X06-04-4015047, 2009 WL 2872920 (Conn. Super. Ct. Aug. 6, 2009) (the "State Action") as well as a consent order from the Connecticut Department of Banking (the "Consent Order").  (2) This Court lacks personal jurisdiction over Defendants.  (3) Venue is improper because Plaintiff has no valid claims for money damages.

Because preclusion challenges may properly be raised via a motion to dismiss for failure to state a claim, *Thompson v. County of Franklin*, 15 F.3d 245, 253-54 (2d Cir. 1994), the Court construes the first argument as a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court construes the second argument as a motion under Fed. R. Civ. P. 12(b)(2).  The third argument is unclear and it does not seem that it would be a cognizable argument in any case, so the Court does not consider it.

**II.     Relevant Facts**

Plaintiff, which is based in Connecticut, manufactures products such as retractable sunrooms, pool enclosures, lean-to enclosures, patio-deck enclosures and kiosks.  Defendants James Cohen and Allan Cohen are the sole members of those defendants that are limited liability companies, while defendant Goodman is a business associate of the Cohens.  The following summary of the facts of

---

[2] Herein, where the name "Cohen" is used without a first name, the reference is to James D. Cohen.

this matter is taken from the Amended Complaint and from the Decision, of which the Court takes judicial notice.

In 2003, Cohen contacted Michael Morris, Plaintiff's manager/majority member, about opportunities to distribute Plaintiff's products. From about November 2003 through January 2004, Cohen had numerous communications with Morris and other agents of Plaintiff about acquiring an exclusive distributorship for Plaintiff in New Jersey. Cohen formed defendant Roll-A-Cover of New Jersey, LLC (RACNJ) for this purpose. In January 2003, Cohen and RACNJ entered into a Distributorship Agreement with Plaintiff covering New Jersey, which was later amended to add Delaware. RACNJ formed three dealerships, including defendants Roll-A-Cover of Delaware, LLC (RACD) and Magic Outdoors, LLC. The Cohens and defendant Goodman, who was also involved in these transactions, signed Confidential Non-disclosure Agreements (CNDAs) with Plaintiff.

This business relationship fell apart in an extremely acrimonious way. In the fall of 2004, the parties exchanged accusatory communications and each separately terminated the Distributorship Agreement. Cohen and RACNJ subsequently filed the State Action in Connecticut Superior Court against Plaintiff and Morris, alleging, *inter alia*, violations of Connecticut statutes, fraudulent inducement, fraud, intentional misrepresentation and negligent misrepresentation. They also filed a complaint with the Connecticut Commissioner of Banking. *Id.* ¶ 123. A bench trial of the State Action was held between September 30, 2008 and October 15, 2008. On August 6, 2009, the Superior Court issued the Decision. The court found in favor of Cohen and RACNJ on all the counts of the complaint that had not been withdrawn. It found that Plaintiff and Morris had made a series of factual representations to Cohen and RACNJ that were knowingly false, were made with the intent to deceive, and were relied on by Cohen and RACNJ to their detriment. Decision at 4-5.

Three weeks after the Decision was issued, Plaintiff filed the present action in this Court against the Cohens, Goodman, RACNJ, RACD, Magic Outdoors, LLC, and another associated entity, Magic Sunrooms, LLC, of which Cohen is the sole member. Its thirty-one claims center on the allegation that Defendants conspired to obtain Plaintiff's confidential and propriety information for their own use, while failing to sell Plaintiff's products. Plaintiff's claims include two under federal statutes, the Lanham Act, 15 U.S.C. § 1125 *et seq.*, and the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962 *et seq.*; two Connecticut statutes, the Connecticut Uniform Trade Secrets Act, Conn. Gen. Stat. § 35-50 *et seq.*, and the Connecticut Unfair Trade Practices Act (CUTPA), Conn. Gen. Stat. § 42-110a; and a variety of Connecticut common-law claims, including breach of contract and intentional misrepresentation.

### III.    Plaintiff's Procedural Objections to the Motion

Plaintiff makes various procedural objections to the Motion. Pl. Memo. at 6-10. First, it observes that the Motion is incorrectly labeled "Notice of Motion." However, with the leniency granted to pro se pleadings, the Court construes it as a motion under Rule 12(b), as noted above.

Second, Plaintiff observes that the primary document, labeled "Notice of Motion to Dismiss," does not contain a statement of the grounds for the Motion. However, the Affidavit of Pro Se Defendant James D. Cohen ("Cohen Affidavit"), filed together with the primary document and starting on the next page, *does* state the grounds for the Motion. With the same leniency, the Court construes the affidavit as part of the Motion.

Third, Plaintiff observes that Cohen did not file a memorandum of law with the Motion, as required by Rule 7(a)(1) of the Local Rules of this Court. However, since that time he has filed three memoranda of law in support of the Motion [Docs. 34, 37, 42], and Plaintiff had opportunities to

respond to them. The Court has discretion on this point: "Failure to submit a memorandum *may* be deemed sufficient cause to deny the motion." L. Civ. R. 7(a)(1) (emphasis added). The purpose of the memorandum requirement having been satisfied, the Court declines to deny the Motion on this basis.

Fourth, Plaintiff argues that the Cohen Affidavit is deficient as an affidavit for various reasons. If the Cohen Affidavit were submitted as evidence, it would be deficient for the reasons Plaintiff gives, such as the fact that it sets forth conclusory statements rather than specific facts. However, the Court construes the affidavit as being, in fact, the statement of the grounds for the Motion– that is, as a pleading, not as evidence. The Court will consider it for that purpose, but will not accept it as evidence.

The Court thus declines to deny the Motion for procedural defaults and proceeds to consider its substantive merits.

IV. **Discussion of Substantive Merits of Motion to Dismiss**

   A. **Motion to Dismiss for Lack of Personal Jurisdiction**

Cohen asserts that this Court lacks personal jurisdiction over Defendants because "[n]o substantial business was transacted in Connecticut such that Defendants could reasonably expect to be hailed in court there and all Defendants are residents or entities of New Jersey." Cohen Affidavit ¶ 8.[3] As noted above, the Court treats this portion of the Motion as a motion under Rule 12(b)(2).

Plaintiff has the burden of establishing personal jurisdiction. *Savin v. Ranier*, 898 F.2d 304, 306 (2d Cir. 1990). Because no discovery has been conducted on this issue, Plaintiff need only

---

[3] As noted above, the Court here treats the Cohen Affidavit as part of the Motion rather than as an affidavit, but for clarity of reference it will still be called the "Cohen Affidavit."

allege facts constituting a prima facie showing of personal jurisdiction.  *PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1108 (2d Cir. 1997).  At this stage, the Court construes pleadings and affidavits in Plaintiff's favor.  *Id.*  Connecticut's long-arm statute extends personal jurisdiction to a "nonresident individual who ... (1) Transacts any business within the state."  Conn. Gen. Stat. § 52-59b.  In addition to meeting the requirements of the long-arm statute, Plaintiff must show that Defendants have sufficient "minimum contacts" with Connecticut to satisfy federal constitutional requirements.  *See, e.g., Best Van Lines v. Walker,* 490 F.3d 239, 242 (2d Cir. 2007).

      The Amended Complaint asserts that this Court has personal jurisdiction over Defendants for three reasons: (1) this case arises out of contracts among the parties made or to be performed in Connecticut; (2) this case arises out of the production, manufacture, creation, and distribution of goods, services, proprietary information and other trade secrets originated, maintained or produced in Connecticut; and (3) this case arises out of tortious conduct in Connecticut.  Am. Comp. at 4.  It also alleges certain relevant specific facts: (1) Cohen visited Plaintiff's plant in Bethany, Connecticut in October or November 2003, and during this visit met Morris and other persons associated with Plaintiff, viewed some of Plaintiff's products, and recieved oral and written information (¶ 39); (2) Cohen made at least one further visit to Plaintiff's plant in Connecticut, where he made representations to Plaintiff (¶ 45); (3) Allan Cohen toured the Connecticut plant (¶ 53); (4) Goodman visited the Connecticut plant and executed and delivered his CNDA there (¶ 73); (5) Cohen and RACNJ filed the State Action in Connecticut Superior Court and a complaint with the Connecticut Commissioner of Banking (¶ 123); and (6) Magic Sunrooms, LLC lists on its website an office in Windsor, Connecticut (¶ 143).  These allegations are sufficient to establish that the individual defendants, and by extension the LLCs of which they are the sole or majority members, have

transacted business in Connecticut. They are also sufficient to show that Defendants had "minimum contacts," and indeed contacts beyond the minimum, with Connecticut.

The Court finds that it has personal jurisdiction over Defendants and denies the Motion in that respect.

### B. Motion to Dismiss Based on Preclusion

Cohen argues that this action is precluded by (1) the Decision in the State Action, and (2) the Connecticut Department of Banking's Consent Order of February 2007. Cohen Affidavit ¶¶ 1-7. As noted above, the Court construes this portion of the Motion as a motion for failure to state a claim under Rule 12(b)(6), which applies to preclusion claims. This issue is decided under Connecticut law, because the federal courts give to a state-court judgment the same preclusive effect that it would have in the courts of the rendering state. *Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 372 (1996).

#### 1. Preclusion by the Decision in the State Action

Cohen observes that the State Action was tried after four years of discovery, and that the Superior Court (Stevens, J.) found in favor of RACNJ and himself on all counts before the court. Cohen Affidavit ¶ 2. The Decision was the basis for a judgment issued in favor of Cohen and RACNJ in the State Action. *Cohen v. Roll-A-Cover, LLC*, No. CV-X06-044015047, 2010 WL 2822768 (Conn. Super. Ct. June 23, 2010). The trial court's judgment was affirmed on appeal. *Cohen v. Roll-A-Cover, LLC*, 131 Conn. App. 443 (2011).

Cohen's original argument was that the counterclaim that Plaintiff filed in the State Action was essentially the same as its present claims. Cohen Affidavit ¶ 5. The counterclaim he cites was part of the Amended Answer Asserting Special Defenses, Set Off and Counterclaim that Plaintiff

filed in the State Action on February 8, 2008.  Plaintiff asserts that the Decision contained no ruling on its counterclaim; the court denied Plaintiff's request to add the counterclaim and it  was never adjudicated.  Pl. Memo. at 11-12.  It provides a copy of the Superior Court's ruling denying its motion to add its counterclaim, of which the Court takes judicial notice.  Pl. Memo. Ex. 6.  As Plaintiff asserts, the Decision contains no mention of a counterclaim.  In response, Cohen concedes that the Decision did not rule on any counterclaim, but makes two arguments, one of which amounts to issue preclusion and the other to claim preclusion.

First, he argues that Judge Stevens ruled in his favor on the underlying facts.  Pro Se Defendant James D. Cohen's Response to Plaintiff's Sur-Reply to Defendant James D. Cohen's Answer to Plaintiff's Objection and Opposition to Defendant James D. Cohen's Notice of Motion to Dismiss ("Cohen Resp.") [Doc. 37] at 5.  This is a matter of issue preclusion, *i.e.* "collateral estoppel."

Under Connecticut law, the issues in the present action that are precluded include only those that are identical to the issues decided in the Decision.  *Corcoran v. Dep't of Social Servs.*, 271 Conn. 679, 689-90 (2004). "To invoke collateral estoppel the issues sought to be litigated in the new proceeding must be *identical* to those considered in the prior proceeding." *Id.*, quoting *Crochiere v. Bd. of Educ.*, 227 Conn. 333, 345 (1993) (emphasis in original).

The topic of the factual findings made in the Decision was Plaintiff's alleged bad acts.  In particular, the court found that Plaintiff had made a series of knowing misrepresentations to Cohen, which included, *inter alia*, (1) that Plaintiff had recently sold distributorships for Florida and for a set of Asian countries; (2) that there were other people interested in buying the New Jersey distributorship; (3) that Plaintiff had a high volume sales history and a backlog of pending sales; and

8

(4) that Plaintiff held six patents and at least four trademarks on its products. Decision at 4-6. In addition, the court found that Plaintiff, *inter alia*, (1) failed to register the business opportunity with the Banking Commissioner as required by Connecticut law, (2) failed to provide Cohen and RACNJ with statutorily required information, and (3) made negligent misrepresentations in statements about sale leads in New Jersey. *Id.* at 8-9, 15.

The factual issues in the present action, on the other hand, concern alleged bad acts by *Defendants*. In this action, Plaintiff alleges that Defendants, *inter alia*, (1) breached the CNDAs by disclosing Plaintiff's confidential information to a third party; (2) made false and misleading representations to Plaintiff in connection with the distributorship sale; (3) made false representations to the Banking Commissioner to induce it to take action against Plaintiff and Morris; (4) used Plaintiff's trade secrets and other proprietary information in the creation and sale of Magic Sunrooms, LLC's products; (5) incorporated Plaintiff's trademarked material into the design of their products; and (6) possessed, received and concealed Plaintiff's goods, wares and merchandise. Am. Comp. *passim*.

The issues are thus, for the most part, not identical. The Decision determined that Plaintiff and Morris had engaged in certain bad acts, but did not find that any of the present Defendants did *not* engage in any bad acts. Ruling on a special defense, Judge Stevens did hold that Plaintiff and Morris "failed to prove by a preponderance of the evidence that [Cohen and RACNJ] made any statement to the Banking Commissioner that was false or misleading in any material respect." Decision at 11. Plaintiff does not argue that this decision was not actually litigated or otherwise not entitled to preclusive effect. Consequently, Counts Thirteen and Seventeen of the Amended Complaint, which are based on the allegation that Cohen made materially false and misleading

statements to the Banking Commissioner, must be dismissed, as the factual issues to be decided have been precluded.

Cohen also argues that Plaintiff's present claims are barred by its failure to raise them in the State Action, which is a form of claim preclusion. Cohen Resp. at 5; Pro Se Defendant James D. Cohen's Answer to Plaintiff's Objection and Opposition to Motion to Dismiss, and Plaintiff's Motion to Strike the Affidavit of Defendant James D. Cohen ("Cohen Ans.") [Doc. 34] at 4. In response, Plaintiff argues that it was not obliged to raise its claims in the State Action because Connecticut "is not a compulsory counterclaim state." Plaintiff's Sur-Reply to Defendant James D. Cohen's Answer to Plaintiff's Objection and Opposition to Defendant James D. Cohen's Notice of Motion to Dismiss ("Pl. Surreply Memo.") [Doc. 36] at 3-4. Plaintiff is correct. Under Connecticut law, a defendant "*may* file counterclaims against any plaintiff . . . provided that each such counterclaim . . . arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint." Connecticut Practice Book § 10-10 (emphasis added). The defendant is not required to file its claims against the plaintiff as counterclaims, in contrast with the rule in federal court. "Because Connecticut does not have a compulsory counterclaim rule . . . [the plaintiff] cannot be precluded from bringing the present claim on the ground that he failed to bring a counterclaim in [the previous action] for indemnification." *Hansted v. Safeco Ins. Co. of Am.*, 19 Conn. App. 515, 521 n. 4 (1989).

In addition, as Plaintiff observes, Pl. Surreply Memo. at 4, it was Cohen himself who was successful in preventing Plaintiff's counterclaim from being considered in the State Action. *See* Pl. Memo. Ex. 5 [Doc. 32-6] at 9-10, an excerpt from the transcript of an oral argument in the State Action, in which the court ruled on what were evidently arguments from Cohen's counsel that

Plaintiff's proposed counterclaim should not be considered in that action. It would not be just to permit Cohen to first prevent these claims from being considered in the State Action, and then prevent them from being considered in the present action because they were not considered in the State Action.

Thus, only Counts Thirteen and Seventeen are precluded by the Decision. If, at some later point in this litigation, Plaintiff raises an issue in favor of one of its claims that is precluded by the Decision, Defendants will then have the opportunity to object.

### 2.     Preclusion by the Consent Order

Finally, Cohen argues that the action is precluded by a Consent Order issued by the Connecticut Department of Banking in February 2007 because it declared Plaintiff's contracts written before that month to be unenforceable. Cohen Affidavit ¶ 7. Plaintiff asserts that the Consent Order does not void any contracts. Pl. Memo. at 12. In response, Cohen asserts that the voiding of the contracts is to be found not in the Consent Order but in Judge Stevens's Decision. Cohen Ans. at 4.

Judge Stevens did not void any contracts in the Decision or the subsequent Memorandum of Decision on Damages. *See Cohen v. Roll-A-Cover, LLC*, No. CV-X06-044015047, 2010 WL 2822768 (Conn. Super. Ct. June 23, 2010). It appears that Cohen is referring to the fact that Judge Stevens found that Plaintiff and Morris violated the Connecticut Business Opportunity Investment Act (CBOIA), Conn. Gen. Stat. § 36b-60 *et seq.*, Decision at 13, and cited in a footnote a provision of the CBOIA that, in cases of certain violations of that statute, permits a purchaser-investor to void the relevant contract. *Id.* at 7 n. 5, citing Conn. Gen. Stat. § 36b-74(a). However, Judge Stevens did not hold that any party had in fact voided any contract under that provision. There is consequently

11

no preclusion here.

**V.     Conclusion**

Consistent with the foregoing, the Motion to Dismiss [Doc. 22] is hereby GRANTED as to Counts Thirteen and Seventeen of the Amended Complaint [Doc. 45], and DENIED in all other respects.

It is SO ORDERED.

Dated: New Haven, Connecticut
December 17, 2012

                                                                                                          /s/ *Charles S. Haight, Jr.*
                                                                                                          Charles S. Haight, Jr.
                                                                                                          Senior United States District Judge